NO. 07-97-0373-CR

      

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 17, 2002

______________________________

JOE L. MACKEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-424181; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Joe L. Mackey appeals from his conviction for possession with intent to deliver cocaine, a controlled substance.  We affirm the judgment as modified.

Appellant was indicted by a Lubbock County grand jury in Cause Number 97-424181 in the 140
th
 District Court (the trial court) for delivery of a controlled substance and for possession of a controlled substance with intent to deliver.  A jury found him guilty of possession with intent to deliver cocaine of the aggregate weight, including adulterants or dilutants, of less than four grams but at least one gram.  The jury assessed punishment at confinement in the Texas Department of Criminal Justice, Institutional Division, for 15 years.

Appointed counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof.  In support of the motion to withdraw, counsel has certified that, in compliance with 
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated.  Counsel thus concludes that the appeal is frivolous. 

In reaching the conclusion that the appeal is without merit, counsel advances three possible issues: (1) whether the trial court erred in overruling appellant’s challenges for cause of members of the jury venire, (2) whether the trial court erred in overruling appellant’s challenge to the State’s use of two of its peremptory challenges to strike African-American members of the venire, and (3) whether a fatal variance existed between enhancement allegations of the indictment and trial proof when the indictment did not allege a final date for conviction of the enhancement offenses.  After referencing, analyzing and discussing the record of the jury venire 
voir dire
 proceedings, the 
Batson
(footnote: 1)  hearing concerning the State’s reasons for its peremptory challenges to two African-American veniremembers and the trial record, counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court’s judgment.  
See
 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

Counsel has certified that a copy of the 
Anders
 brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant’s right to review the record and file a response to counsel’s motion and brief.  Indeed, appellant has filed a response to counsel’s motion and brief.  In his response, appellant urges the issues identified by his counsel in the 
Anders
 brief, but simply advances the position that the trial court erred in its rulings.  

The State has filed a brief in response to the brief of appellant’s counsel and appellant’s 
pro se
 response to his counsel’s brief.  The State concludes that the appeal presents no reversible error.    

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal.  
See
 
Penson v. Ohio
, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); 
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such grounds.  We agree that the appeal is without merit. 

During our review, however, we noted that the trial court’s judgment correctly recites the jury verdict finding appellant guilty of possessing, with intent to deliver, cocaine by aggregate weight, including adulterants or dilutants, of “less than four (4) grams but at least one (1) gram.”  The judgment, however, then incorrectly finds appellant guilty of the offense of “Possession with Intent to Deliver a Controlled Substance - Cocaine less than two [sic] (200) grams but at least four (4) grams . . . .”  

Accordingly, counsel’s Motion to Withdraw is granted.  The judgment of the trial court is modified as follows: language of the judgment finding or referencing that appellant is guilty of possession with intent to deliver a controlled substance - Cocaine less than “. . . two (200) grams but at least four (4) grams . . .” is modified to read that appellant is guilty of possession with intent to deliver a controlled substance - Cocaine less than “. . . four (4) grams but at least one (1) gram . . . .”  
See
 
Tex. R. App. P
. 43.2(b).  Except as specifically modified, the judgment of the trial court is affirmed.

Phil Johnson

    Justice

Do not publish. locks on the windows in complainant’s room.  According to Castillo, she assisted appellant in placing the children in a large walk-in closet for disciplinary purposes for a few minutes.  Later, while Castillo was holding the complainant in an attempt to calm the child, appellant was washing or rinsing some dishes.  As the child continued to be unruly, appellant turned and walked toward the child holding a spoon in a threatening manner, which Castillo described as being hot, but she did not describe whether the spoon had been heated by hot water or by flame from the stove.  As relevant to the charge of burning the child with a spoon, the reporter’s record shows Castillo’s examination as follows:

Q.  And based on what you saw that day, based on what the defendant was saying and how Nikki was reacting, did you feel that the defendant intended to touch that child with the spoon?

A.  I think she intended just to scare her; but when the little girl moved, that’s when the little girl got burned on the lip.  I gave the little girl some water and told LaDonna to give me some medicine or Chapstick or whatever, and we put it on her lip.

Q.  Now, when Nikki was fighting you, was she pulling away from you, or was she pushing towards her mother?

A.  No, she was there with me.  She didn’t go with her mamma.

Q.  So the defendant had to actually reach out with the spoon in order for it to make contact with Nikki; is that right?

A.  Yes, ma’am.

Q. Now, what did the spoon look like, the normal spoon?  Was it a different color?

A.  No, it was just a regular tablespoon.

Q.  Did you actually see the defendant heat the spoon?

A.  No, ma’am, uh-uh.

Q.  How was it, after it touched Nikki, that you knew that that was a hot spoon?

A.  Because she said it was hot.  “Hot, hot, hot.”

The State did not introduce any evidence as to how the spoon was heated, and it is significant to note that the State did not introduce any evidence demonstrating that appellant was wearing gloves or had a dish towel in her hand by which she allegedly held the hot spoon.

Appellant contends there was no evidence that she knowingly or intentionally injured the child.  We agree.  Although the record demonstrates a less than ideal home environment, the State’s only eyewitness responded to the State’s questions on intent by stating that she thought appellant only intended to scare the child and that the spoon made contact with the child when the child turned her face.

In applying the appropriate standard of review
, we hold that the evidence is legally insufficient to support the conviction for intentionally or knowingly causing harm to the child, a third degree felony.  
See
 § 22.04(f).  However, the evidence is sufficient to support a conviction for the lesser included offense of recklessly injuring the child, a state jail felony.  
See
 § 22.04(g).
  Because injury caused by reckless conduct is a lesser included offense of the offense of intentionally or knowingly causing injury to a child, the jury necessarily found appellant guilty of reckless conduct.  Therefore, we conclude the evidence is sufficient to support appellant’s guilt of the lesser included offense of injury to a child by reckless conduct.  
See 
Bigley v. State, 865 S.W.2d 26 (Tex.Cr.App. 1993).  Appellant’s first issue is sustained.  

Accordingly, the judgment for intentionally or knowingly causing injury to the child is reformed to reflect a conviction for the lesser included offense of recklessly causing bodily injury to a child, and as reformed, is affirmed; that portion of the judgment assessing punishment for intentionally or knowingly causing bodily injury is reversed and the case is remanded to the trial court for a new punishment hearing. 

Don H. Reavis

        Justice

Do not publish.

FOOTNOTES
1: 
 
See
 
Batson v. Kentucky
, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).